UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


W.D. Henton,                                               Case No. 1:17-cv-01465

        Petitioner

v.                                                         MEMORANDUM OPINION
                                                           AND ORDER

Warden Clark Scott,

        Respondent


### BACKGROUND AND HISTORY

*Pro se* Petitioner W.D. Henton filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Belmont Correctional Institution, serving an eight-year sentence imposed by the Ashtabula County Court of Common Pleas in 2013 for improper discharge of a firearm into a habitation, with firearm specifications, and having a weapon under disability. In his Petition, Henton asserts he is not receiving proper medical attention in prison and seeks transfer to a facility that will provide him with proper care. For the reasons set forth below, the Petition is denied and this action is dismissed.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S.

202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).

Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

## DISCUSSION

Generally, a federal court's authority in a habeas proceeding under § 2254 extends only to determining the legality of a petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). A prisoner challenging the conditions of his confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his sentence is considered a condition of confinement. Therefore, unless Henton's claims pertain to circumstances which may lengthen the term of his incarceration, they must be raised in a civil rights action, and cannot be brought in a habeas petition.

2

Henton challenges the medical care he is receiving in prison, and complains he was denied transfer to an institution which can provide the necessary care. These claims concern conditions of confinement, not Henton's conviction or sentence. Consequently, he cannot bring them in a habeas petition.

## CONCLUSION

For the foregoing reasons, Henton's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition for a Writ of Habeas Corpus is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge